## Bachran v. Dougherty.

*Partnership—Dissolution—Assumption of debts by partner continuing the business—Payment of additional income tax assessment.*

Where one partner buys out the other partner's interest and agrees to "assume all indebtedness and outstanding obligations and liabilities of such partnership existing" on the day of the dissolution, such agreement does not include an additional assessment made by the Federal Government on the income tax for a prior year where it appears that the tax charged for such year had been paid and neither party knew of the additional claim at the time of the dissolution.

Rule for judgment for want of sufficient affidavit of defence. C. P. No. 5, Phila. Co., Dec. T., 1921, No. 3331.

*M. H. Kratz,* for plaintiff.

*Wolf, Block, Schorr & Solis-Cohen,* for defendant.

MARTIN, P. J., July 8, 1926.—Plaintiff and defendant had been copartners. By the terms of their copartnership agreement it was stipulated that each partner should share an equal division of profits and "be equally responsible for liabilities that may be incurred by said copartnership."

Bachran v. Dougherty.

The partnership was dissolved. Defendant purchased plaintiff's interest and agreed "to assume all indebtedness and outstanding obligations and liabilities of said partnership existing on the 1st day of April, 1919."

After the dissolution, the Internal Revenue Department of the United States, by virtue of the War Revenue Act, made an additional assessment against the copartnership of income tax for the year 1917 for $10,575.92.

Defendant paid one-half of this assessment. Plaintiff was compelled by a warrant of distress issued against him by the Government to pay the other half. He instituted this suit against defendant to recover the sum of $5287.96, the amount of tax he was compelled to pay.

Defendant filed an affidavit of defence averring that he purchased the interest in the partnership from plaintiff for the sum of $100,000, and agreed to assume outstanding obligations; but that the price paid and agreement to assume debts was based upon information furnished by plaintiff, who had charge of the accounts of the firm; that there was no reference made to the debt to the Government, all taxes charged had been paid, and neither plaintiff nor defendant was aware that there was such a claim or indebtedness.

This item was not a subject of contract at the time the partnership business was closed. The provision in the partnership agreement that all claims against the firm should be divided equally, should be applied to this claim. If it had been presented when it was due, prior to the dissolution of the partnership, as a just claim it would have been paid and divided equally between the parties. It was not contemplated in the agreement of dissolution and is no part of the outstanding indebtedness which defendant assumed.

Rule discharged.